UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 16-50328

VINCENT D WHITAKER,                                 Chapter 7

                                                    Judge Thomas J. Tucker
                    Debtor.
_____/

**OPINION AND ORDER (1) DENYING DEBTOR'S EX PARTE MOTION
TO REOPEN CASE, BUT WAIVING MOTION FILING FEE; AND (2) STRIKING THE
"CERTIFICATE OF DEBTOR EDUCATION" FILED OCTOBER 2, 2017**

This case is before the Court on the Debtor's motion filed October 2, 2017, entitled "Motion To Reopen/Reinstate Case and Waive Fee to Reopen" (Docket # 16, the "Motion"). The Motion seeks to reopen this case, to enable the Debtor to file a Financial Management Course Certificate ("Certificate") and receive a discharge. The Motion was filed almost one year (342 days) after this case was closed without a discharge, due to the Debtor's failure to timely file such Certificate. The Motion also seeks a waiver of the filing fee for the Motion. For the following reasons, the Court will deny the Motion, except for the waiver of the filing fee.

**A. Background**

The Debtor filed a voluntary petition for relief under Chapter 7 on July 21, 2016, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on August 25, 2016 at 11:30 a.m. (Docket # 8, the "Notice"). On July 24, 2016, the Notice was served by the Bankruptcy Noticing Center by mail on all creditors, the Chapter 7 Trustee, the Debtor's attorney, and the Debtor. (Docket # 9). On July 28, 2016, the Court entered an Order granting the Debtor a waiver of the Chapter 7 filing fee. (Docket # 10).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file a

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
> >
> > . . .
> >
> > (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> > (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was October 24, 2016. The Debtor failed to file the Certificate by the October 24, 2016 deadline, or at any time thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On October 25, 2016, after the case had been fully administered, the case was closed. The case was closed without a discharge, due to Debtor's failure to file the Certificate. (Final Decree, Docket # 14). Notice that the Debtor's bankruptcy case was closed without a discharge was served by the Bankruptcy Noticing Center by mail on October 27, 2016 on all creditors, and on the Debtor. (Docket # 15). Such notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor did not file Official Form 23, Certification of Completion of Instructional Course Concerning Personal Financial Management." (*Id*.) This notice, and the Court's Final Decree, were also served on the Debtor's attorney in this case, each on the same day they were issued, by a Notice of Electronic Filing that was e-mailed to Debtor's attorney by the Court's ECF system.

Almost one year after this case was closed, on October 2, 2017, the Debtor filed the Motion, a Certification About a Financial Management Course (Official Form 423), and a Certificate. (Docket ## 16, 18, 19). The Certification states, in relevant part, "I completed an approved course in personal financial management [on September 7, 2017 given by InCharge Debt Solutions]." (Docket # 18.) The Certificate states, in relevant part: "I CERTIFY that on September 7, 2017, at 12:19 o'clock AM EDT, VINCENT D WHITAKER completed a course on personal financial management given by internet by InCharge Debt Solutions, a provider

---

section 111[.]

approved pursuant to 11 U.S.C. § 111 to provide an instructional course concerning personal financial management in the Eastern District of Michigan." (Docket # 19.)

The Motion does not all any valid excuse why the Debtor failed to timely complete the financial management course and file the required Certification, almost a year ago. Nor does the Motion demonstrate a valid excuse why the Debtor waited for almost a year after this case was closed before he moved to reopen it.

**B. Discussion**

Section 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010,[5] and Local Bankruptcy Rule 5010-1[6] govern motions to reopen a case for the purpose of filing a Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, in essence, the Debtor seeks to reopen the case to move for an order granting Debtor an extension of time to file the Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D.

---

[5] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[6] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

4

Ohio August 22, 2016) (citation omitted). Debtor has the burden of establishing that "cause" exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Certificate)] . . . only to the extent and under the conditions state in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) [(namely, a Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the Debtor had not completed a post-petition financial management course and filed the motion to reopen and a Certificate within a short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying a 4-part test and denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 8 years after the case was closed, and stating: "The delay of more

than 8 years in both the Debtor's completion of the financial management course and in filing the Certificate in this case is extreme."); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (Chapter 7) (denying a Debtor's motion to reopen to file a Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and Certificate until more than 7 years after the case was closed, and stating that "the seven year delay in this case [was] extreme"); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (Chapter 7) (more than 7-year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (Chapter 7) (more than 4-year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N,D. Ohio April 7, 2016)(Chapter 13) (approximately 7-year delay).

The Court will apply this four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to retroactively grant the Debtor an extension of almost one year extension of the deadline to file the Certificate.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Debtor has not provided a valid or reasonable explanation for his failure to timely comply with the financial course requirement. Nor has the Debtor provided a valid or reasonable explanation for the nearly one year delay in his seeking to reopen this case. This factor, therefore, weighs against granting the Motion.

The Motion, signed by Debtor's attorney, says only: "This debtor had completed the debtor's education but was unable to get the credit counseling certificate to this office in a timely manner." The Certificate states that Debtor did not complete the financial management course until September 7, 2017. The Motion was filed almost a month later. The Motion, at most,

6

attempts to only explain the delay of nearly one month between taking the financial management course and filing the Motion. The Motion does not provide any excuse or explanation why the Debtor waited almost a year to take the financial management course. The Debtor was informed, by the notice described above, which was mailed to him on October 27, 2016, that his case had been closed without a discharge, and why it had been so closed.[7] Yet the Debtor did nothing to try to rectify this for nearly a year, and the Motion alleges no valid excuse, for such a long delay by the Debtor.

*Factor 2: whether the request was timely*

The delay of almost a year in both the Debtor's completion of the financial management course and in filing the Certificate in this case is too long. Such a long delay frustrates the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the Court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> 
> . . .
> 
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity

---

[7] The Motion does not allege that the Debtor and his attorney did not receive this notice.

> of the system and its fairness to all parties....It is unfair to creditors
> to allow a debtor to avoid the responsibilities established by the
> bankruptcy code and rules, only to later want to fulfill those
> requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3. The magnitude of the delay in this case is significant. This factor strongly weighs in favor of denying the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtor was represented by counsel in this case. The Motion does not allege any fault on the part of the Debtor's attorney for the Debtor's failure to timely complete the Financial Management Course and to file a Certificate. Rather, the only fault indicated in the Motion, is fault on the part of the Debtor. This factor weighs in favor of denying the Motion.

### *Factor 4: whether creditors are prejudiced*

In *Chrisman*, the Court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case, although shorter than the delay in *Chrisman*, is still too long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this

case.  The Debtor has failed to demonstrate cause to reopen this case.  Accordingly,

       IT IS ORDERED that:

1.  The Motion (Docket # 16) is denied, except for the waiver of the filing fee.

2.  The filing fee for the Motion is waived.

3.  The documents entitled "Certification About a Financial Management Course" and "Certificate of Debtor Education," filed October 2, 2017 (Docket ## 18, 19) are stricken, because they are untimely, and because this case is closed (and will not be reopened).

4.  The Debtor is not prohibited from filing a new bankruptcy case.


**Signed on October 6, 2017**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**